IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ALICE MCDONNELL,** )<br>)<br>     **Plaintiff,** )<br>)<br>v. )<br>)<br>**CRACKER BARREL OLD COUNTRY** )<br>**STORE, INC., et al.,** )<br>)<br>     **Defendants.** ) | CIVIL ACTION 06-0798-WS-M |

**ORDER**

This matter is before the Court on the plaintiff's motions to remand and for attorney's fees. (Docs. 12, 14). The parties have filed briefs in support of their respective positions, (Docs. 13, 17, 18), and the motions are ripe for resolution. After carefully considering these and other relevant materials in the file, the Court concludes that the motion to remand is due to be granted and the motion for attorney's fees denied.

The plaintiff alleges that she fell over an unmarked curb in a Cracker Barrel parking lot. She sued the corporate defendant ("Cracker Barrel") and the store manager ("Gwin") for her injuries. The complaint alleges that Gwin "was at all times material hereto an agent, servant or employee of Defendant Cracker Barrel and was responsible for maintaining the premises." (Complaint, ¶ 3). The complaint alleges that both defendants negligently failed to maintain the premises in a reasonably safe manner and negligently allowed the existence of an unmarked curb. (*Id*., ¶¶ 12-13).

Service of process was perfected on both defendants on October 24, 2006. (Doc 17, Exhibit A at 2). Removal was accomplished on November 22, 2006. (Doc. 1). Federal jurisdiction is based on diversity of citizenship. While both the plaintiff and Gwin are citizens of Alabama, the defendants argue that Gwin was fraudulently joined. The plaintiff argues that remand is required because: (1) the case was not timely removed;

and (2) Gwin was not fraudulently joined.

The 30-day period for removal runs from the date process is served.  *Murphy Brothers v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  That the plaintiffs apparently telefaxed a copy of the complaint to Cracker Barrel prior to service, (Doc. 17 at 2), is irrelevant to the timeliness of removal.  Because it was accomplished within 30 days of October 24, 2006, removal was timely.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).  Conversely, if no such possibility exists, the joinder is fraudulent as a matter of law.  *Id.* at 1440.[1]  There must be "no *reasonable* possibility" of legal liability; a mere *theoretical* possibility will not prevent a conclusion of fraudulent joinder.  *Legg v. Wyeth*, 428 F.3d 1317, 1325 & n.5 (11th Cir. 2005) (emphasis added).  The burden is on the defendants to make the required showing by clear and convincing evidence.  *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The defendants argue that, under Alabama law, a store manager cannot have a duty to a customer to maintain the premises.  According to the defendants, only the premises owner — in this case, Cracker Barrel — can have such a duty.  The Court agrees that, if Alabama law precludes a duty running from Gwin to the plaintiff, there is then no reasonable possibility that an Alabama court could find that the complaint states a cause of action against him.  The Court disagrees, however, that Alabama law is so clear.

---

[1]*Accord Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997) (the issue is "whether the facts alleged in Plaintiffs' complaint state even an arguable cause of action under Georgia law") (emphasis omitted).

The Court recently addressed this precise issue in *Kimbrough v. Dial*, 2006 WL 3627102 (S.D. Ala. 2006). There, the Court noted the absence of any Alabama case expressly rejecting the notion of a duty to maintain the premises running from a store manager to a customer, as well as the existence of cases suggesting that such a duty may exist. The Court concluded that "Alabama law is ambiguous on this point" and thus found no fraudulent joinder. *Id*. at *3, *5. To their credit, the defendants acknowledge *Kimbrough*, but their effort to show that it was wrongly decided fails.

First, the defendants cite Alabama cases holding that a premises owner owes its invitees a duty to maintain its premises in a reasonably safe manner. No doubt this duty exists, but such pronouncements do not negate a similar duty resting on store managers, either in general or in particular situations. Second, the defendants cite cases from other jurisdictions that have, with varying degrees of clarity, rejected the notion of a duty to maintain the premises running from a manager to a customer. Whether or not these cases reflect a national trend, they do not establish Alabama law or preclude Alabama courts from reaching a different conclusion.

Third, the defendants note the Alabama principle that an employee can be liable for the torts of a corporation only if he personally helped bring about the injury or participated in a wrongful act, from which they deduce that "[s]uing an employee is redundant," absent an allegation of misconduct outside the line and scope of the manager's employment. (Doc. 16 at 8). The question here, however, is not the agent's liability for the principal's tort but the agent's liability for his own tort. As for redundancy, both the agent and the principal are generally liable for the agent's unintentional torts committed within the line and scope of the agency, objections of redundancy notwithstanding. *E.g., Ex parte Wild West Social Club, Inc*., 806 So. 2d 1235, 1241 (Ala. 2001). Whatever impact the defendants' argument might have in persuading the Alabama courts to reject a duty to maintain the premises running from a store manager to a customer, it does not demonstrate that no Alabama court could

recognize such a duty.

Finally, the defendants argue that *Waters v. Anthony*, 40 So. 2d 316 (Ala. 1949), the primary case relied on by the Court in *Kimbrough*, supports the view that a store manager can be liable only if he undertakes an "independent inspection" of the premises, outside of "his role as manager." (Doc. 16 at 7). The defendants cite, and the Court can find, no language in *Kimbrough* supporting this argument. On the contrary, the Supreme Court stated that, "if [the manager] was performing his duties owing to his master under his contract, it was his duty to use reasonable care in the manner of doing it so as not to cause injury to third persons exercising their lawful rights as patrons of the theater." 40 So. 2d at 319. That is, the manager's duty to third parties derives directly from his performance of his contractual duties as manager.

In the end, the defendants admit that, their best interpretive efforts notwithstanding, "[t]here does not appear to be any Alabama cases [sic] directly on point with this issue, i.e., the duty of care imposed on a store manager in a premises liability case under circumstances as alleged in the Plaintiff's Complaint." (Doc. 18 at 6). Without such a case, and without other cases expressing limiting principles that necessarily apply in this context, the defendants cannot meet their demanding burden of proving fraudulent joinder.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 711 (2005). The plaintiff has not attempted to show either that the defendants lacked an objectively reasonable basis for seeking removal (which occurred before the Court's ruling in *Kimbrough*) or that unusual circumstances exist that nevertheless justify an award of fees.

For the reasons set forth above, the plaintiff's motion to remand is **granted** and her

motion for attorney's fees is **denied**.  This case is **remanded** to the Circuit Court of Mobile County.

DONE and ORDERED this 31st day of January, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
